FILED
8/11/2017 5:54 PM
Donna G. Brown
District Clerk
Liberty County, TX
Destiny Henry

CAUSE NO. CV1712392

| | | |
|---|---|---|
| CHARLENE MITCHELL, INDIVIDUALLY, LATARAH GATES, INDIVIDUALLY AND AS HEIRS TO THE ESTATE OF CHARLES E. GATES, DECEASED | § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| vs. | § § § | LIBERTY COUNTY, T E X A S |
| SCHNEIDER NATIONAL CARRIERS, INC., and CHRISTOPHER WEBB | § § § § | |
| *Defendants* | § | 75TH ___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE AND RULE 193.07 NOTICE

COME NOW, CHARLENE MITCHELL AND LATARAH GATES, INDIVIDUALLY AND AS HEIRS TO THE ESTATE OF CHARLES E. GATES, DECEASED, (referred to as "Plaintiffs") in the above-styled and numbered cause of action, complaining of SCHNEIDER NATIONAL CARRIERS, INC., and CHRISTOPHER WEBB, (collectively referred to as "Defendants"), and in support thereof, Plaintiffs will show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Pursuant to Texas Rule of Civil Procedure 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery in this lawsuit is intended to be conducted under Discovery Control Plan Level 3.

### II. PARTIES

2.1    CHARLENE MITCHELL surviving daughter of CHARLES E. GATES, DECEASED, is an individual who resides in Texas.

2.2    LATARAH GATES surviving daughter of CHARLES E. GATES, DECEASED, is an individual who resides in Texas.

**EXHIBIT A**

2.3     Defendant, SCHNEIDER TRUCKING, INC., is a company licensed to do business in the State of Texas and, pursuant to Article 2.11 of the Texas Business Corporation Act, and Texas Rules of Civil Procedure 106(a)(1) and/or (2), may be served with process by delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to registered agent: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

2.4     Defendant CHRISTOPHER WEBB, is an individual and a resident of the State of Tennessee. Service is not being requested at this time.

### III. REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

3.1     To the extent that the above named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiffs hereby demand upon answering this suit, that the Defendants answer in their correct legal and assumed names.

### IV. JURISDICTION AND VENUE

4.1     The Court has jurisdiction in this cause since the damages of Plaintiffs are within the jurisdictional limits of the Court.

4.2     All or a substantial part of the event or omissions giving rise to the claim occurred in Liberty County. Therefore, venue is proper pursuant to section 15.001 and 15.002 of the Texas Civil Practice and Remedies Code. Venue is also proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

4.3     Plaintiffs have satisfied all conditions precedent to bringing this lawsuit.

4.4     Plaintiffs did nothing to cause or contribute to this occurrence.

4.5     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek recovery of damages for monetary relief in an amount over $1,000,000.

## V. AGENCY

5.1     Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

## VI. FACTS

6.1     On or about August 5, 2017, Plaintiff CHARLES E. GATES, DECEASED was traveling eastbound on State Highway 321.   It was at this same time, that Defendant CHRISTOPHER WEBB was traveling southbound on State Highway 321 when he negligently failed to stop at a designated red light, consequently colliding into CHARLES E. GATES, DECEASED.  The collision caused the vehicle of CHARLES E. GATES, DECEASED to skid into and violently strike another vehicle.  The collision occurred with such tremendous force, proximately causing Plaintiff CHARLES E. GATES, DECEASED, to suffer severe, excruciating, and painful personal injuries that resulted in his demise.

The vehicle Defendant CHRISTOPHER WEBB was operating with permission at the time of the collision belonged to Defendant SCHNEIDER NATIONAL CARRIERS, INC.

## VII. DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

7.1     Defendant SCHNEIDER NATIONAL CARRIERS, INC. was the owner, lessors and/or lessee of the vehicle driven by Defendant CHRISTOPHER WEBB at the time of the collision. Defendant CHRISTOPHER WEBB was operating Defendant SCHNEIDER NATIONAL CARRIERS, INC.'s vehicle with the permission of Defendant.

7.2     At all times material to this lawsuit, Defendant CHRISTOPHER WEBB, was an

employee of Defendant SCHNEIDER NATIONAL CARRIERS, INC., and was acting within the course and scope of his employment with SCHNEIDER NATIONAL CARRIERS, INC. Consequently, Defendant SCHNEIDER NATIONAL CARRIERS, INC. is vicariously liable to Plaintiffs for the negligent conduct of Defendant CHRISTOPHER WEBB, under the theory of *respondeat superior.*

      7.3     The independent conduct of Defendant SCHNEIDER NATIONAL CARRIERS, INC. constitutes negligence as that term is known in law. Such negligent acts or omissions include, but are not limited to the following:

      a.     hiring and/or retaining Defendant CHRISTOPHER WEBB, whom it knew or should have known was a reckless or incompetent driver;

      b.     failing to properly train Defendant CHRISTOPHER WEBB, in the safe operation of motor vehicles;

      c.     entrusting a vehicle, which Defendant SCHNEIDER NATIONAL CARRIERS, INC., owned, to Defendant CHRISTOPHER WEBB, for the purpose of operating it on the public streets and highways of Texas, when it knew or should have known that Defendant CHRISTOPHER WEBB, was a reckless or incompetent driver;

      d.     failing to properly supervise Defendant CHRISTOPHER WEBB'S driving activities;

      e.     failing to maintain the vehicle to the minimal standard of safety;

      f.     failing to establish and enforce safety rules and regulations;

      g.     failing to properly educate, instruct and supervise CHRISTOPHER WEBB in the performance of his duties;

      h.     failing to adequately train, educate, or provide instructions and orders to CHRISTOPHER WEBB;

      i.     failing to provide proper safety manuals and instructions to employees on how to be responsible for the safety of other drivers;

      j.     failing to enforce and ensure compliance of established safety and operational rules and regulations for employees operating its equipment and vehicles;

      k.     other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant SCHNEIDER NATIONAL CARRIERS, INC. constituted negligence and such negligence was a proximate cause of the occurrence that resulted in the demise of Plaintiff CHARLES E. GATES, DECEASED.

7.4     Plaintiffs would show this Court that the harm Plaintiff CHARLES E. GATES, DECEASED suffered is the type of harm which the above-referenced statutes are intended to prevent. Plaintiffs would also show this Court that Plaintiff CHARLES E. GATES, DECEASED was a member of the class of persons in which the above-referenced statutes were enacted to protect. Such violations amount to *negligence per se* and are the proximate cause of the occurrence in question.

## VIII. Defendant Christopher Webb

8.1     The collision made the basis of this lawsuit resulted from the wrongful conduct of Defendant, CHRISTOPHER WEBB. The conduct of this Defendant constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiffs and, made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

a.     in failing to stop at a designated red light in violation of the Texas Transportation Code;

b.     failing to maintain a proper lookout by driving his vehicle carelessly in violation of the Texas Transportation Code;

c.     driving his vehicle recklessly in violation of the Texas Transportation Code;

d.     failing to maintain control of his vehicle in violation of the Texas Transportation Code;

e.     failing to apply his brakes or timely apply his brakes;

    f.      failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

    g.      other acts of negligence and negligence per se.

## IX. GROSS NEGLIGENCE AGAINST DEFENDANTS

9.1    Plaintiffs bring this claim for gross negligence against Defendants, which resulted in the serious personal injuries and demise of Plaintiff CHARLES E. GATES, DECEASED based upon the facts and legal theories more fully set forth herein.

9.2    The conduct of Defendants on the occasion in question rises to the level of gross negligence, or gross neglect, as those terms are defined under the law. By reason of such conduct, Plaintiffs are entitled to and therefore assert a claim for punitive damages in an amount sufficient to punish or deter Defendants from such conduct in the future. Defendants' acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs, and of which Defendants, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of CHARLES E. GATES, DECEASED. As a direct and proximate result of the gross negligence of Defendants, CHARLES E. GATES, DECEASED was seriously injured and consequently expired. Plaintiffs sue for punitive damages.

## X. WRONGFUL DEATH AND SURVIVAL STATUTE DAMAGES

10.1    Plaintiff CHARLENE MITCHELL brings this suit to recover just compensation for the damages she has suffered as the result of the untimely death and loss of her father CHARLES E. GATES, Deceased, as provided for by Texas Civil Practice and Remedies Code § 71.001, et seq., the "Texas Wrongful Death Act."

10.2    Plaintiff CHARLENE MITCHELL surviving daughter, is a surviving statutory beneficiary of the decedent. There is no court-appointed representative of the estate of

CHARLES E. GATES, there is no pending administration of the estate of CHARLES E. GATES, and no administration of the estate is necessary.

10.3    CHARLES E. GATES, died as a proximate result of the above acts and/or omissions of Defendants collectively.

10.4    As a proximate result of the above acts and/or omissions of Defendants, Plaintiff has suffered pecuniary loss as a result of the untimely death and loss of her father, CHARLES E. GATES, DECEASED, including loss of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that she would in reasonable probability have received from CHARLES E. GATES, DECEASED, during his lifetime, had he lived. Plaintiff has suffered additional losses by virtue of the destruction of the parent-child relationship including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiff has suffered severe mental depression, anguish, grief and sorrow as a result of the untimely death and loss of her father, CHARLES E. GATES, DECEASED.  Plaintiff has suffered all of these damages in the past, and is likely to continue to suffer for a long time in the future.

10.5    As a proximate result of the above acts and/or omissions on the parts of Defendants, CHARLES E. GATES, deceased sustained severe injuries to his body and endured excruciating pain until the time of his death. Plaintiff CHARLENE MITCHELL surviving daughter and as heir to the estate of CHARLES E. GATES, deceased sues for funeral expenses, past medical expenses, physical pain and mental anguish damages.

10.6    For these losses, Plaintiff CHARLENE MITCHELL, for the untimely death and loss of her father CHARLES E. GATES, DECEASED, seeks damages in a sum in excess of the minimal jurisdictional limits of the Court, both prejudgment and post-judgment interest as

allowed by law, for all costs of Court, and all other relief, both in law and in equity, to which she may be justly entitled.

10.7   Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## XI. WRONGFUL DEATH AND SURVIVAL STATUTE DAMAGES

11.1   Plaintiff LATARAH GATES brings this suit to recover just compensation for the damages she has suffered as the result of the untimely death and loss of her father CHARLES E. GATES, DECEASED, as provided for by Texas Civil Practice and Remedies Code § 71.001, et seq., the "Texas Wrongful Death Act."

11.2   Plaintiff LATARAH GATES, surviving daughter, is a surviving statutory beneficiary of the decedent. There is no court-appointed representative of the estate of CHARLES E. GATES, there is no pending administration of the estate of CHARLES E. GATES, and no administration of the estate is necessary.

11.3   CHARLES E. GATES died as a proximate result of the above acts and/or omissions of Defendants collectively.

11.4   As a proximate result of the above acts and/or omissions of Defendants, Plaintiff has suffered pecuniary loss as a result of the untimely death and loss of her father, CHARLES E. GATES, DECEASED, including loss of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that she would in reasonable probability have received from CHARLES E. GATES, DECEASED, during his lifetime, had he lived. Plaintiff has suffered additional losses by virtue of the destruction of the parent-child relationship including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiff has suffered severe mental depression, anguish, grief and sorrow as a result

of the untimely death and loss of her father, CHARLES E. GATES, DECEASED. Plaintiff has suffered all of these damages in the past, and is likely to continue to suffer for a long time in the future.

11.5    As a proximate result of the above acts and/or omissions on the parts of Defendants, CHARLES E. GATES, DECEASED sustained severe injuries to his body and endured excruciating pain until the time of his death. Plaintiff LATARAH GATES, surviving daughter and as heir to the estate of CHARLES E. GATES, DECEASED sues for funeral expenses, past medical expenses, physical pain and mental anguish damages.

11.6    For these losses, Plaintiff LATARAH GATES, for the untimely death and loss of her father CHARLES E. GATES, DECEASED, seeks damages in a sum in excess of the minimal jurisdictional limits of the Court, both prejudgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief, both in law and in equity, to which she may be justly entitled.

11.7    Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## XII. Exemplary Damages

12.1    Because of the grossly negligent conduct of Defendants as whole and collectively, Plaintiffs seek recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

      a.     The nature of the wrong;

      b.     The character of the conduct involved;

      c.     The degree of culpability of the wrongdoer;

d.      The situation and sensibilities of the parties concerned;

e.      The extent to which such conduct offends a public sense of justice and propriety; and

f.      The net worth of Defendant.

12.2    Plaintiffs allege that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against Defendants, is unconstitutional, as it violates:

a.      Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

b.      Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

c.      Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

d.      Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

e.      Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

f.      Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

g.      Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

### XIII. PRESERVATION OF EVIDENCE

13.1    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings,

business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff CHARLES E. GATES, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XIV. JURY DEMAND

14.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request and demand a trial by jury.

## XV. REQUEST FOR DISCLOSURE

15.1    Pursuant to Rule 194, request is made that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)–(l). Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XVI. RULE 193.7 NOTICE

16.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against the producing Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiffs recover damages in accordance with the evidence, costs of Court herein expended, interest justly

entitled under the law, and that Plaintiffs be granted such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

JIM S. ADLER & ASSOCIATES

LANGDON "TREY" SMITH
State Bar No. 00797456
lsmith@jimadler.com
MICHAEL GOMEZ
State Bar No. 24029578
mgomez@jimadler.com
3D/INTERNATIONAL TOWER
1900 West Loop South, 20th Floor
Houston, Texas 77027
(713) 735-2114 (Telephone)
(713) 781-2514 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**